T # 4478

Issued

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOANNA MANNING and CHAD MANNING, wife and husband,<br><br>Plaintiffs,<br><br>vs.<br><br>THE UNITED STATES OF AMERICA, a sovereign nation,<br><br>Defendant. | NO. C08 5568 *KLS*<br><br>COMPLAINT |

COME NOW the plaintiffs, Joanna Manning and Chad Manning, wife and husband, by and through her attorneys of record, Rush, Hannula, Harkins & Kyler, LLP and Vernon W. Harkins and Harold T. Dodge, Jr., and for a complaint against defendant state, allege and claim as follows:

## I. PARTIES, JURISDICTION AND VENUE

1.1.    Plaintiffs Joanna Manning and Chad Manning are citizens of the State of Washington over the age of 18 years; they are wife and husband and a marital

///

COMPLAINT  - 1

RUSH, HANNULA, HARKINS & KYLER, L.L.P.
4701 South 19th Street, Suite 300
TACOMA, WA  98405
TELEPHONE: (253) 383-5388
FAX:  (253) 272-5105

community under the laws of the State of Washington.

1.2.    Defendant United States of America is a sovereign nation, which in administering the nation's federal affairs maintains armed forces and armed forces hospitals, among which is Madigan Army Medical Center (hereafter "MAMC"). In maintaining its armed forces and MAMC the defendant hired and employed various medical staff, including obstetric and gynecology services. At all times material hereto, the medical doctors and staff of MAMC's obstetric and gynecology services were defendant's employees acting within the course and scope of their employment. All acts and omissions complained of against the doctors and medical staff of MAMC's obstetric and gynecology services were done or omitted by them in their capacity as employees of defendant United States of America.

1.3.    This action arises and this Court has jurisdiction over this action under the Federal Tort Claims Act (FTCA), ch. 753, title IV, 60 Stat. 842, 28 U.S.C. §1346(b) and 28 U.S.C. §§2671 – 2680.

1.4.    Pursuant to the requirements of the FTCA, plaintiffs have filed their required notices of claim and notice of intent to sue with the required governmental authority. More than 6 months have passed since plaintiff's claim was filed. **Exhibit A.**

1.5.    Venue is proper in this Court by virtue of all acts and/or omissions complained of having occurred in Pierce County, Washington.

## II. FACTUAL ALLEGATIONS

2.1.    On February 14, 2006, Joanna Manning, then age 28 and 23 weeks pregnant with her first child, was seen at MAMC's Obstetrics and Gynecology Services for complaints of shortness of breath and chest pain. During her examination, she

COMPLAINT  - 2

RUSH, HANNULA, HARKINS & KYLER, L.L.P.
4701 South 19th Street, Suite 300
TACOMA, WA  98405
TELEPHONE: (253) 383-5388
FAX:  (253) 272-5105

conveyed a strong family history of hypercoagulable state. The condition was identified as Factor V mutation, as a result of which her father had had repeated deep venous thrombosis (hereafter "DVT") and pulmonary embolism and had a vena cava filter in place. During her visit, as part of her work-up, Ms. Manning requested and her physicians agreed to determine whether she had hypercoagulable disorder. Several blood tests, including activated protein C resistance (APC-R), were ordered. Unbeknownst to Ms. Manning, the APC-R test was not done, contrary to her agreement with her physicians and contrary to the testing and treatment planned and agreed to by Ms. Manning and her physicians.

2.2.    Ms. Manning was seen again at the MAMC-OB/GYN Clinic over the next several months as well as on June 14, 2006. The issue of her family history of Factor V was again reviewed on June 14, 2006 and she told her physician that she wanted Factor V testing, even if it meant she would have to undergo heparin treatment at the time and post-partum. Again, the test was not performed as requested and as previously agreed to and promised. She went into labor later that evening and delivered her baby.

2.3.    On the admission work-up for her labor and delivery, her family history of Factor V hypercoagulable state was identified , but her physician determined that no anti-DVT measures would be implemented.

2.4.    On July 9, 2006, Ms. Manning developed left leg pain, swelling, discoloration and numbness and went to the emergency room at MAMC, where she was found to have an iliofemoral DVT. Only then was an APC-R test administered,

COMPLAINT  - 3

RUSH, HANNULA, HARKINS & KYLER, L.L.P.
4701 South 19th Street, Suite 300
TACOMA, WA  98405
TELEPHONE: (253) 383-5388
FAX: (253) 272-5105

which showed a positive result, meaning that she had the Factor V gene mutation and was in a hypercoagulable state.

### III. MEDICAL NEGLIGENCE

3.1.    Plaintiffs incorporate paragraphs I and II of this complaint herein as if fully set forth.

3.2.    MAMC's OB/GYN Clinic's doctors' and medical staff's repeated failure to administer the appropriate APC-R test and failure to diagnose Ms. Manning's Factor V gene mutation and hypercoagulable disorder and to initiate appropriate treatment fell below the standard of care expected of medical doctors and staff in the same or similar conditions, was negligence and proximately resulted in Ms. Manning suffering DVT of her iliofemoral venous system.

3.3.    As a further proximate result of the alleged medical negligence, Ms. Manning will have venous insufficiency for the rest of her life; she experiences and will continue to experience continuous and permanent swelling of her leg.  She has experienced and will continue to experience a decrease in her physical activity level and is permanently at increased risk for developing DVT, venous hypertension and varicose veins.  She has experienced and will in the future experience physical and emotional pain and suffering, disability and loss of enjoyment of life; she has experienced and will continue to experience loss of earning capacity and she will continue to incur health care costs in the future.

3.4.    As a further proximate result of the alleged medical negligence, plaintiff Chad Manning has suffered and will in the future continue to suffer injury and damage to his spousal relationship with his wife and his consortium interests therein.

COMPLAINT  - 4

RUSH, HANNULA, HARKINS & KYLER, L.L.P.
4701 South 19th Street, Suite 300
TACOMA, WA  98405
TELEPHONE: (253) 383-5388
FAX:  (253) 272-5105

3.5.    Defendant United States of America is liable for all damages alleged herein proximately caused by the medical negligence of the MAMC medical doctors and staff by virtue of the doctrines of respondeat superior, master/servant, agency and/or apparent agency.

### IV. FAILURE TO OBTAIN INFORMED CONSENT

4.1.    Plaintiffs incorporate paragraphs I – III of this complaint herein as if fully set forth.

4.2.    MAMC's doctors and staff failed to obtain Ms. Manning's informed consent to continue following her course without administering the promised and agreed upon APC-R test to rule out Factor V gene mutation and/or diagnose whether she had a hypercoagulable disorder and for treating her without incorporating heparin treatment to combat her hypercoagulable disorder.

4.3.    As a proximate result of the failure to obtain her informed consent  Ms. Manning suffered DVT of her iliofemoral venous system.

4.4.    As a further proximate result of the failure to obtain her informed consent, Ms. Manning will have venous insufficiency for the rest of her life; she experiences and will continue to experience continuous and permanent swelling of her leg.  She has experienced and will continue to experience a decrease in her physical activity level and is permanently at increased risk for developing DVT, venous hypertension and varicose veins.  She has experienced and will in the future experience physical and emotional pain and suffering, disability and loss of enjoyment of life; she has experienced and will continue to experience loss of earning capacity and she will continue to incur health care costs in the future.

COMPLAINT  - 5

RUSH, HANNULA, HARKINS & KYLER, L.L.P.
4701 South 19th Street, Suite 300
TACOMA, WA  98405
TELEPHONE: (253) 383-5388
FAX: (253) 272-5105

4.5.    As a further proximate result of the failure to obtain Ms. Manning's informed consent, plaintiff Chad Manning has suffered and will in the future continue to suffer injury and damage to his spousal relationship with his wife and his consortium interests therein.

4.6.    Defendant United States of America is liable for all damages alleged herein proximately caused by the MAMC medical doctors' and staff's failure to obtain Ms. Manning's informed consent by virtue of the doctrines of respondeat superior, master/servant, agency and/or apparent agency.

## V.  BREACH OF CONTRACT

5.1.    Plaintiffs incorporate paragraphs I – IV of this complaint herein as if fully set forth.

2.    MAMC's doctors' and staff's promise to administer to Ms. Manning the APC-R test to rule out Factor V gene mutation and/or diagnose whether she had a hypercoagulable disorder and to treat her by incorporating heparin treatment to combat her hypercoagulable disorder was an enforceable promise and a contract.  The MAMC doctors and staff breached that promise and contract by failing to administer the APC-R test and by failing to incorporate the heparin therapy into her treatment to combat her hypercoagulable disorder.

5.3.    As a proximate result of MAMC's physicians' and staff's breach of contract Ms. Manning suffered DVT of her iliofemoral venous system.

5.4.    As a further proximate result of the breach of contract, Ms. Manning will have venous insufficiency for the rest of her life; she experiences and will continue to experience continuous and permanent swelling of her leg.  She has experienced and

COMPLAINT  - 6

RUSH, HANNULA, HARKINS & KYLER, L.L.P.
4701 South 19th Street, Suite 300
TACOMA, WA  98405
TELEPHONE: (253) 383-5388
FAX:  (253) 272-5105

will continue to experience a decrease in her physical activity level and is permanently at increased risk for developing DVT, venous hypertension and varicose veins. She has experienced and will in the future experience physical and emotional pain and suffering, disability and loss of enjoyment of life; she has experienced and will continue to experience loss of earning capacity and she will continue to incur health care costs in the future.

5.5.    As a further proximate result of the breach of contract, plaintiff Chad Manning has suffered and will in the future continue to suffer injury and damage to his spousal relationship with his wife and his consortium interests therein.

5.6.    Defendant United States of America is liable for all damages alleged herein proximately caused by the MAMC medical doctors' and staff's breach of contract by virtue of the doctrines of respondeat superior, master/servant, agency and/or apparent agency.

WHEREFORE plaintiffs pray for relief against the defendant as follows:

1.    For their economic damages in such amounts as will be proven at time of trial;

2.    For their non-economic damages in such amounts as will be proven at time of trial;

3.    For pre-judgment interest on all liquidated sums;

4.    For their costs and disbursements herein, including reasonable attorney fees; and

/ / /

/ / /

COMPLAINT  - 7

RUSH, HANNULA, HARKINS & KYLER, L.L.P.
4701 South 19th Street, Suite 300
TACOMA, WA  98405
TELEPHONE: (253) 383-5388
FAX:  (253) 272-5105

5.    For such other and further relief as the Court deems just and equitable.

DATED this _17th_ day of _September_ , 2008.

Rush, Hannula, Harkins & Kyler, L.L.P.
Attorneys for Plaintiffs

By: _____
Vernon W. Harkins, WSB #6689

And by: _____
Harold T. Dodge, Jr. WSB #15191

COMPLAINT  - 8